1  WO
2
3
4
5
6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**
8
9  Jamie Denise Snyder,                              No.  CV-17-0428-PHX-DKD
10                 Plaintiff,
11  v.                                               **ORDER**
12  Sean Kenneth Snyder,
13                 Defendant.
14

15        This Order addresses Plaintiff's request to proceed without the prepayment of fees
16  because of her indigency, as well as the complaint Plaintiff filed on February 10, 2017.
17        In every case where a Plaintiff seeks to file a case without the prepayment of fees
18  the Court is required to analyze plaintiff's complaint to determine whether that complaint
19  should be dismissed because it is not a case that is properly brought in federal court.  28
20  U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's complaint appears to allege identity theft
21  committed by her husband.  In particular, the complaint alleges that "MY HUSBAND
22  STOLE MY SOCIAL SECURITY WHILE I WAS INCARCERATED.  I FILED A
23  POLICE REPORT WITH OFFICER A. LITTLE IN CHANDLER ARIZONA.  THE
24  OFFICER PLCED THE REPORT AS IDENITY THEFT / CREDIT CARD THEFT.  I
25  FILED A COMPLAINT WITH SOCIAL SECURITY AND I AM HAVING TO PAY
26  BACK THE MONEY HE STOLE.FROM ME IN THE AMOUNT OF 55.00
27  DOLLARDS PER MONTH."  There is however nothing in Plaintiff's complaint which
28  demonstrates the existence of federal court jurisdiction in this case.  Plaintiff's demand

states "I WOULD LIKE THE COURT TO PUT HIM IN JAIL AND GIVE ME MY MONEY BACK .... HE STOLE IT WHILE I WAS IN JAIL." There is no federal jurisdiction for a case seeking recovery of $1900 stolen by a private individual. Moreover, there is no authority for incarceration in a civil case. This is the province of law enforcement agencies and prosecutors in criminal cases.

Plaintiff should understand that the federal courts of the United States are courts of *limited jurisdiction* and only matters that are authorized under the Constitution or laws of the United States may be brought in federal court. In contrast, the state courts are courts of *general jurisdiction* and thus most matters are properly heard in state courts. A case alleging theft by a private individual in the amount stated in the complaint may be brought in the state courts.

If there is federal jurisdiction for this case, Plaintiff's complaint must show that this is so. The Federal Rules of Civil Procedure (available on-line or in any public library) require that Plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Federal Rule of Civil Procedure 8(a)(1). Again, federal court jurisdiction is limited to matters arising under the constitution and laws of the United States (this is called "federal question jurisdiction") or cases where citizens of different states are the plaintiff and defendant and the amount in controversy exceeds $75,000 (this is called "diversity jurisdiction"). If Plaintiff contends that federal question jurisdiction exists, Plaintiff must specifically state which Constitutional provision or federal statute confers such jurisdiction. A general or non-specific reference to the Constitution or laws of the United States is insufficient.

To provide Plaintiff with the opportunity to allege federal court jurisdiction if Plaintiff thinks it exists, the Court will grant Plaintiff leave to file an amended complaint. Any amended complaint must comply with Federal Rule of Civil Procedure 8(a) and therefore must satisfy the jurisdictional showing discussed above as well as set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Plaintiff must take care to set forth specifically

1 which federal statute or provision of the U.S. Constitution was violated by which
2 defendant.

3   **IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint
4 complying with this Order within twenty-one (21) days of the date of this Order. The
5 Court will hold in abeyance its ruling on Plaintiff's request to proceed without the
6 prepayment of fees and costs until after it has had the opportunity to review Plaintiff's
7 amended complaint. Plaintiff is advised that failure to comply with this Order may result
8 in the dismissal of this matter.

9   Dated this 14th day of February, 2017.

_____
David K. Duncan
United States Magistrate Judge